UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>        Plaintiff,<br><br>  v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01346-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

Zane Hubbard ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff filed the complaint commencing this action on September 17, 2019. (ECF No. 1). On that same day Plaintiff filed an application to proceed in forma pauperis. (ECF No. 2).

As the Court finds that Plaintiff had at least "three strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the $400 filing fee in full if he wants to proceed with the action.

///

///

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'").

## III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

### a. Strikes

Plaintiff initiated this action on September 17, 2019. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes." The Court takes judicial notice of: 1) Hubbard v. Mendes, E.D. CA, Case No. 1:13-cv-01078, ECF Nos. 11 & 13 (dismissed for failure to state a claim); 2) Hubbard v. Corcoran State Prison, E.D. CA, Case No. 1:13-cv-01736, ECF Nos. 15 & 17 (dismissed for failure to state a claim); and 3) Hubbard v. Marchak, E.D. CA, Case No. 1:14-cv-00274, ECF Nos. 10 & 12 (dismissed for failure to state a claim).

### b. Imminent Danger

As Plaintiff had at least "three strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier

or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." <u>Blackman v. Mjening</u>, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). <u>See also</u> <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." <u>Stine v. Fed. Bureau of Prisons</u>, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. <u>Andrews</u>, 493 F.3d at 1055 (9th Cir. 2007).

Nothing in Plaintiff's complaint suggests that Plaintiff is in imminent danger of serious physical injury. Plaintiff does allege that on July 4, 2013, defendant Gipson "elected to begin to sterilize and asexualize" Plaintiff, (ECF No. 1, pgs. 7-8), and that this "aversive therapy has not stopped," (<u>id.</u> at 10). However, there is no indication that Plaintiff is in imminent danger of

serious physical injury due to the "aversive therapy" that he has allegedly been receiving for over six years.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.
IT IS SO ORDERED.

Dated: **October 2, 2019**        /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE